Del.]     STATE, USE OF MITCHELL vs. CONRAD, *et al.*     417

Syllabus.—Statement.

STATE OF DELAWARE for the use of Drucilla Mitchell, formerly
Drucilla Coker, *vs.* HENRY C. CONRAD, DANIEL M. RIDG-
LEY, LOUIS SHABINGER and GEORGE M. FISHER.

Kent County, April Term, 1895.

**Pleading. Payment.**—A plea of payment is sustained by proof either of the pay-
ment of money or of something valuable accepted in lieu of it.

**Evidence. Testamentary Account.**—Payment on record of a testamentary ac-
count passed upon by the Register of Wills, showing an allowance of a pay-
ment on account of a legacy is not admissible to support a plea of payment in
an action of debt for the legacy.

This was an action of debt for legacy in which the defense
was payment. At the trial the plaintiff offered in evidence the
records of the Register of Wills, showing the will and the interest
of the plaintiff thereunder, the executors' bond and the first ad-
ministration account, passed before the Register March 2, 1892,
showing an unappropriated balance of $4,697.89.

The defendants offered in evidence the record of a second ac-
count passed before the Register by the executors March 20th,
1894, showing an allowance by the Register of a payment to the
plaintiff of five hundred dollars by a check.

*Watson* and *Van Dyke*, for the plaintiff, objected on the ground
that the account was a judgment *in rem* to which this plaintiff was
no party, and that, therefore, it was not binding on her; and,
further, that the Register of Wills has no jurisdiction of the ques-
tion of payment of a legacy, and his judgment is, therefore, not a
judgment of a court of competent jurisdiction.

*Kenney* and *Pennewill*, for the defendants, *contra.*

A majority of the Court refused the admission of the evidence,
holding that it was improper under the plea of payment, for the
purpose of showing the payment of the legacy.

LORE, C. J., (charging the jury).

This case is really within a very narrow compass. All questions of law as to formality and proof and everything of that character have been omitted and the counsel on both sides have gone to you upon the question of whether or not this debt, which is claimed, has been paid. On the one part it is claimed that there is now due from the estate of Abner Coker to the plaintiff $445.00 with interest to March 2, 1892, which would make the amount $528.96. The defendants admit that there is $15.00 due with interest from that time to March 2, 1892. So that in any event your verdict would be for the plaintiff for $15.00 with interest from that date. Then the question for you to decide is, Is there no more than that due. The plaintiff claims that there is; the defendant that there is not, because the balance has been paid by a check which bears date May 2, 1892.

The plaintiff claims there could have been no payment except money. That is not the law of this State with respect to the plea of payment. Chief Justice Gilpin said in *Shreve's Adm'r vs. Wells and Sappington*, 2 Houst. 231: "Money payment or a full and complete satisfaction and discharge in what is equivalent to it." Chief Justice Comegys said in *Burton vs. Willin, et al.*, 6 Houst. 533: "Money or some valuable thing agreed by the creditor and debtor to be accepted as payment." Money or something to be accepted in lieu of it. So that you see under the plea of payment, money or something valuable accepted in lieu of it may be proved.

We say to you, therefore, if you believe that this check was drawn, that Drucilla Mitchell endorsed it and received fifty dollars and authorized Daniel M. Ridgely as an individual to receive and retain the remaining part of it for her use; or if it was drawn and the money handed to her, fifty dollars kept by her and the remainder handed back to Mr. Ridgely to be kept by him as an individual for her use, then that would be payment; and if you so believe, the executors would be discharged, while Mr. Ridgley would be held liable. In that event, if you should so believe, your verdict should be for the amount which is admitted to be due; that is, $15.00 with interest from March 2, 1892. In order to find

for the full amount claimed, you must be satisfied by a preponderance of evidence that the check was not accepted as payment. The party on whom lies the burden of proof must recover, if at all, by a preponderence of evidence; that is the evidence on that side must outweigh the evidence on the other side. The evidence must satisfy you that this money was accepted in lieu of and in satisfaction of this debt; there must have been, in other words, an agreement on the part of Drucilla Mitchell to receive this check or the money arising from it, in satisfaction and discharge of the indebtedness on the part of the executors. And if she did so agree, it is a payment.

In deciding that question (for there is a conflict of testimony here) as to whether the evidence preponderates on the side of the one or the other, you must reconcile the testimony if you can. You must take the testimony of both sides and put it together, and say whether out of that testimony you can derive a just conclusion. If the testimony on the one side is irreconcilably hostile to that upon the other, then you must consider and give weight to the testimony of that side which by reason of the intelligence of the witnesses, their opportunity for understanding and all the circumstances surrounding it, is most entitled to belief, and your verdict should be in accordance therewith.

To recapitulate briefly, if you believe that the plaintiff accepted, signed or endorsed the check and got fifty dollars out of it and authorized Mr. Ridgely to keep the rest and account to her as an individual, then your verdict should be for $15.00 with interest. If you believe that she did not so endorse it or did not authorize Mr. Ridgley to receive the balance of the money and hold it for her use, as an individual, then your verdict should be for the whole amount, that is, $445.00 with interest. And in deciding the latter question, you are to be governed by the preponderance of testimony, under the rule of credibility which I have laid down to you.

*Verdict, for plaintiff for $15.00 with interest.*